IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JERAMIE LAMM,**
       **Plaintiff,**

   v.        CASE NO. 11-3019-SAC

**MICHAEL J. GRUBBS,**
**et al.,**

       **Defendants.**

### O R D E R

This civil complaint, 42 U.S.C. § 1983, was filed pro se by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Having examined the materials filed, the court finds as follows.

### MOTION TO PROCEED WITHOUT FEES

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has submitted an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to

1

assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4). Having carefully considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed without prepayment of fees. The court reiterates that plaintiff remains obligated to pay the $350.00 filing fee from payments automatically collected from his inmate trust fund account as funds become available.

**FACTUAL ALLEGATIONS AND CLAIMS**

Plaintiff names as defendants: Michael Grubbs, Correctional Officer (CO), Lansing Correctional Facility, Lansing, Kansas (LCF); Andrew Garcia, CO, LCF; Kyle Conord, CO, LCF; Adam Hoover, CO, LCF; Terry Avery, CO, LCF; Yvonne Sieg, CO, LCF; John Speer, Intelligence and Investigation (I&I) officer, LCF; and three John Does, COs, LCF.

As the factual basis for this complaint, Mr. Lamm alleges as follows. On February 7, 2009, upon being returned to his cell in the Intensive Management Unit (IMU) at LCF following a "shake

down," he made a couple comments upon seeing it left "in disarray" and the bed unmade. Defendant Garcia heard him say "this is bullshit," and entered the cell where he and plaintiff ended up in a "physical confrontation." This confrontation resulted in plaintiff suffering a bloody nose only. Conord and Hoover entered the cell and attempted to hold plaintiff down while Garcia was on top of him. Hoover called an emergency code, but before other COs arrived, plaintiff had been restrained with his hands cuffed behind his back. When plaintiff was being escorted out of his cell, he made another comment that Garcia was in the wrong. John Doe #1 slammed plaintiff on the ground and plaintiff was beaten. Numerous officers did nothing to intervene including defendants Garcia, Conord, Hoover, Avery, and Sieg. John Doe #1, John Doe #2, John Doe #3, and defendant Gruggs carried him "hog-tied" and banged his head into an entry, dropped him on the floor, used excessive force, and beat him physically while escorting him away from his cell. The blow to his head was "so severe" that plaintiff almost lost consciousness and sustained a cut and "significant swelling." The three John Doe defendants were wearing black, which meant they were SST (Special Security Team). Plaintiff was carried out of view of the camera where defendants Grubbs and Does again dropped him, slammed him into the concrete, punched and kicked him. Plaintiff

3

did not resist or give defendants any reason to beat him.[1] He was carried to segregation. Plaintiff was taken to the infirmary, his injuries were examined and photographed and he was treated. His injuries included cuts to his face and head, a swollen left ear and forehead, a sore ankle and a bloody mouth.

Plaintiff asserts that the acts of defendants were done maliciously and sadistically and amounted to cruel and unusual punishment in violation of the Eighth Amendment. He also claims defendants committed the "tort of assault and battery." Plaintiff also alleges that defendant Speers conducted an internal investigation and interviewed other inmates that had witnessed the beatings. Speers reported that there was no wrongdoing, and no action was taken. He claims that Speers was thus "deliberately indifferent" to his right to be free of cruel and unusual punishment. Plaintiff sues defendants in their individual capacities for money damages.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the LCF. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); see also Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion

---

[1] Plaintiff neglects to mention in his complaint, that which is revealed in his exhibits. He was given two disciplinary reports as a result of this incident, and may face charges for assault on a correctional officer.

4

for Leave to proceed without prepayment of fees (Doc. 2) is granted.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure and summons, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules,

regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendants, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Office of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS SO ORDERED**.

Dated this 15th day of June, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge