IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JERAMIE LAMM,**

                     **Plaintiff,**

          v.                           **CASE NO. 11-3019-SAC**

**MICHAEL J. GRUBBS,**
**et al.,**

                     **Defendants.**

### O R D E R

      This matter is before the court upon plaintiff's Motion for Appointment of Counsel (Doc. 25), plaintiff's Objection to Martinez Report (Doc. 30) and plaintiff's Amended Complaint (Doc. 31).

      Having considered the motion together with plaintiff's Affidavit and Memorandum in Support, the court denies the motion without prejudice. There is no constitutional right to appointment of counsel in a civil action. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989); Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995). However, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel lies in the court's discretion. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Rucks, 57 F.3d at 979; Hill,

393 F.3d at 1115. Having considered the above factors in this case, the court finds that plaintiff interprets the case as amounting to his word against that of the defendants as to the incident. The court further finds that the matter involves a single incident of alleged excessive force, which plaintiff alleges was videotaped; and that plaintiff's filings to date indicate he is quite capable of presenting the facts and issues in this case. Because no special legal training is required to recount the facts surrounding an alleged injury, pro se litigants may be expected to state such facts without any legal assistance. See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Accordingly, the Court denies plaintiff's motion for appointment of counsel at this juncture. However, this denial is without prejudice. As the case progresses, if it becomes apparent that appointed counsel is necessary, plaintiff may renew this motion.

In his Objection to Martinez Report, plaintiff asks the court to order defendants to submit additional documentation, and alleges that the Report is incomplete without this information. However, if plaintiff believes there are additional witnesses or other evidence, he may seek to obtain and present that evidence at the appropriate time.

Plaintiff has filed a First Amended Complaint (Doc. 31). It appears from the court's review of this complaint that it differs from his original complaint only in that he provides names of defendants that were previously referred to as three John Does. Accordingly, the court finds that the First Amended Complaint must

be served upon defendants.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. 25) is denied without prejudice, and that his request for an order regarding the Martinez Report (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that the clerk shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, that along with the First Amended Complaint, shall be served upon all defendants by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan.R. 40.1.

Copies of this Order shall be transmitted to plaintiff and to defendants.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2011, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge